IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CEDRIC McCULLUM                                                    PLAINTIFF

VERSUS                                   CIVIL ACTION NO.  3:05cv546WHB-AGN

CHRISTOPHER EPPS, Commissioner                                    DEFENDANT

OPINION AND ORDER

    This cause is before the court, <u>sua</u> <u>sponte</u>, for consideration

of dismissal.  The plaintiff, Cedric McCullum, an inmate

currently incarcerated in the East Mississippi Correctional

Facility, Meridian, Mississippi, filed this complaint pursuant to

42 U.S.C. § 1983.

    Upon review of the complaint and the records in this action,

the court found that the plaintiff had failed to exhaust his

available administrative remedies as required by 42 U.S.C.

§ 1997e.  Therefore, an order was entered on September 22, 2005,

directing the plaintiff to respond within 15 days to explain why

this case should not be dismissed for failure to exhaust his

administrative remedies.  When the plaintiff failed to respond to

the order of September 22, 2005, an order to show cause was

entered on November 8, 2005, directing the plaintiff to respond

on or before Tuesday, December 6, 2005, and explain why this case

should not be dismissed for failure to comply with the order of

September 22, 2005.  Even though the plaintiff was warned in the

order of November 8, 2005, that failure to comply would result in

this cause being dismissed, the plaintiff has not complied or contacted this court concerning the instant civil action.  As discussed below, this case will be dismissed without prejudice for the plaintiff's failure to comply and in the alternative, for his failure to exhaust his administrative remedies.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Additionally, the controlling statute, 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA), provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e plainly requires a state

prisoner to exhaust available administrative remedies before filing a section 1983 suit and precludes him from filing suit while the administrative complaint is pending.  <u>Wendall v. Asher</u>, 162 F.3d 887, 890 (5th Cir.1998);  <u>see</u> <u>also</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir.1998)("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled – –that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").  Furthermore, the United States Supreme Court held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>See</u> <u>Porter v. Nussle</u>, 534 U.S. 516 (2002); <u>see</u> <u>also</u> <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001).  As evidenced by the court records, plaintiff has failed to complete the exhaustion of his administrative remedies.

Conclusion

In light of the plaintiff's failure to comply with the orders of this court and in the alternative, his failure to establish that he has exhausted his administrative remedies, this complaint must be dismissed.  Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never

3

appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 25th day of January, 2006.

<u>s/William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE